# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN KOURY | CIVIL ACTION NO. 18-0059 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WALGREEN CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

In this case, Jonathan Koury ("Plaintiff") filed suit against Walgreen Louisiana Co., Inc. ("Walgreens"), the City of Bossier, Shane McWilliams, and Kevin Wooten ("Detective Wooten") for violations of Title 42 U.S.C. § 1983 and malicious prosecution. Now pending before the Court are two Motions to Dismiss for Failure to State a Claim upon Which Relief can be Granted, filed by Walgreens pursuant to Federal Rule of Civil Procedure 12(b)(6). [Record Documents 11 & 23]. Plaintiff opposes both motions. [Record Documents 20 & 27]. For the reasons discussed below, Walgreens' first motion to dismiss [Record Document 11] is hereby **GRANTED**. Walgreens' second motion to dismiss [Record Document 23] is hereby **DENIED AS MOOT**. Plaintiff's claims against Walgreens are hereby **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

In a previous ruling, this Court dismissed with prejudice Plaintiff's § 1983 claims against Walgreens. Record Document 22, pp. 1–2. The Court also found that neither Walgreens' first motion to dismiss nor Plaintiff's opposition addressed the merits of the malicious prosecution claim. *Id.* at 1. The Court stated that it was inclined to dismiss this

1

claim but allowed Plaintiff an opportunity to provide the Court with reasons why his malicious prosecution claims against Walgreens should not be dismissed *sua sponte*. *Id.* at 10; *See Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (holding that a district court may dismiss a claim *sua sponte* if the procedure used is fair, and that fairness requires notice of the court's intention to dismiss and an opportunity to respond). Plaintiff responded to the Court's ruling with a supplemental memorandum containing reasons why his malicious prosecution claim should not be dismissed. Record Document 25. Walgreens filed a second motion to dismiss pursuant to Rule 12(b)(6) that focused on Plaintiff's malicious prosecution claim, presumably also in response to the Court's ruling. Record Document 23. Plaintiff opposes this motion. Record Document 27.

## **BACKGROUND**

On January 11, 2017, Plaintiff entered a Walgreens store located in Bossier City, Louisiana. Record Document 1, ¶ 5. Once inside, Plaintiff picked up a twelve-pack of Bud Light, proceeded to the pharmacy area, and placed the beer on the pharmacy counter. *Id.* at ¶ 6. Plaintiff claims that he told the pharmacist he needed to "get this," in reference to the beer and his prescription, and handed over his driver's license and his credit/debit card. *Id.* at ¶ 7. Plaintiff also alleges that the price of his medication normally fluctuated between forty and sixty dollars a month and that he believed he had purchased the beer at the same time he purchased the medication. *Id.* at ¶s 7–8. However, Plaintiff purchased only his medication and then exited the store with the beer. *Id.* at ¶ 9. Walgreens contacted law enforcement and on or about January 13, 2017, Detective Wooten of the Bossier City Police Department came to Walgreens, viewed surveillance footage of the

incident, and spoke with Walgreens employees. *Id.* at ¶ 10.

After visiting the store, Detective Wooten attempted to locate Plaintiff at Plaintiff's grandmother's residence and left his contact information there. *Id.* at ¶ 12. On January 17, 2017, Plaintiff contacted Detective Wooten and went voluntarily to the Bossier City Police Department. *Id.* at ¶ 13. Plaintiff claims that he was then arrested, despite explaining that he thought he had purchased the beer and offering to pay for it, because Walgreens wanted him to be arrested. *Id.* at ¶ 15.

Plaintiff claims that he suffered emotional distress over this incident due to Post-Traumatic Stress Disorder (PTSD) and that the incident damaged his marriage and other aspects of his life. *Id.* at ¶s 15 & 19. Eight months after his arrest, Plaintiff was found not guilty of shoplifting. *Id.* at ¶ 20. On January 17, 2018, Plaintiff filed the present action against Walgreens, the City of Bossier, Shane McWilliams in his official capacity as Chief of Police for the City of Bossier, and Detective Wooten, individually and in his official capacity as a detective for the City of Bossier Police Department. Record Document 1.

Plaintiff alleges that all Defendants violated his right to be free from unreasonable searches and seizures, false arrests, and excessive force by police officers, as well as his right not to be deprived of life, liberty, or property without due process of law, under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. *Id.* at ¶s 24 & 32. Plaintiff also alleges that all Defendants are liable to him for the Louisiana state law tort of malicious prosecution. *Id.* at ¶ 44. At issue in this ruling is Plaintiff's only remaining claim against Walgreens, that of malicious prosecution.

3

# DISCUSSION

I. **Standard of Review**

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

II. **Law and Analysis**

A. **Plaintiff's Malicious Prosecution Claims against Walgreens**

In Count III of his complaint, Plaintiff alleges that all of the named Defendants are liable to him for the Louisiana state law tort of malicious prosecution. Record Document 1, ¶ 44. Plaintiff specifically asserts that Walgreens knew or should have known that he was justified in believing that he had paid for the beer and that Walgreens employees "falsified their statements, coerced false statements, deliberately ignored exculpatory evidence, and [] engaged in reckless criminal allegations involving Plaintiff." *Id.* at ¶s 21

& 35. Plaintiff also alleges that he was arrested despite his offers to Detective Wooten to pay for the beer because Walgreens wanted him to be arrested. *Id.* at ¶ 15.

### B. Elements of a Malicious Prosecution Claim

To maintain a malicious prosecution claim in Louisiana, a plaintiff must establish:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant[s] in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff.

*James v. Woods*, 899 F.3d 404, 408 (5th Cir. 2018) (quoting *Jones v. Soileau*, 448 So. 2d 1268, 1271 (La. 1984)). In its previous ruling, the Court stated that Plaintiff satisfied the first and third elements of a malicious prosecution claim because he was criminally prosecuted and found not guilty of shoplifting. Record Document 22, p. 8. The Court also stated that Plaintiff did not sufficiently plead the remaining elements of a malicious prosecution claim. *Id.* In his supplemental memorandum [Record Document 25], Plaintiff argues that his malicious prosecution claim should survive Walgreens' motions to dismiss.

### C. Plaintiff's Arguments in Support of his Malicious Prosecution Claim

Plaintiff's supplemental memorandum argues that Walgreens legally caused his original prosecution, that there was no probable cause for such a proceeding, that Walgreens acted with malice, and that he suffered damages from these events. *See* Record Document 25.

5

1. Legal Causation

Plaintiff asserts that Walgreens caused his criminal prosecution. Record Document 25, pp. 6–7. In Louisiana, merely reporting a crime to law enforcement may cause an individual's prosecution if there is no subsequent police investigation. *James*, 899 F.3d at 409. However, if a report of suspicious conduct is followed by an independent law-enforcement investigation, "the chain of causation between the initial report and the ultimate prosecution may be broken." *Id.* Plaintiff asserts that he has satisfied the element of legal causation because Detective Wooten relied broadly on facts provided by Walgreens employees and performed a "negligible" investigation. Record Document 25, p. 5.

Plaintiff claims that Detective Wooten's decision to arrest him was based only on information that was provided by Walgreens employees. *Id.* at 6. During his investigation of this case, Detective Wooten arrived at Walgreens after Plaintiff departed the premises, interviewed a Walgreens employee, viewed video surveillance, and interviewed Plaintiff. *Id.* Plaintiff notes that Detective Wooten did not interview the pharmacist who rang up Plaintiff's medication or request financial records from Plaintiff to see if he had the amount of money required to purchase the beer. *Id.* Plaintiff alleges for the first time in his supplemental memorandum that after watching the video footage, Detective Wooten was unsure of whether Plaintiff intended to steal the beer. *Id.* According to Plaintiff, Detective Wooten asked the store manager, Michael Jones ("Jones"), if Plaintiff might have believed that he already paid for the beer when he left the store. *Id.* In response, Jones claimed that the pharmacist told Plaintiff that he needed to purchase the beer at the front of the

6

store. *Id.* Plaintiff states that another employee named Tranesha Harris ("Harris") had already made a statement to Detective Wooten that Plaintiff informed the pharmacist that he would pay for the beer at the front register. *Id.* Plaintiff states that Detective Wooten wrote—presumably in his report—that he arrested Plaintiff because the statements from Harris and Jones together established that Plaintiff knew he needed to stop at one of the front registers to purchase the beer. *Id.* Plaintiff claims that Detective Wooten's reliance on these statements from Harris and Jones demonstrated that he relied solely on information provided by Walgreens when he decided to arrest Plaintiff. *Id.* Finally, Plaintiff states for the first time that Detective Wooten later communicated to Walgreens that Plaintiff was willing to pay for the beer, but that Walgreens declined the offer and Detective Wooten charged Plaintiff with shoplifting. *Id.*

To support his assertion that the chain of causation between Walgreens' complaint and his prosecution was not broken, Plaintiff cites to *Craig v. Carter*, 30,625 (La. App. 2. Cir. 9/23/98); 718 So. 2d 1068, 1070, in which the Louisiana Second Circuit found that the plaintiff's arrest for disturbing the peace and false impersonation was caused by the defendant, a grocery store. The court held that the plaintiff demonstrated that the grocery store caused his prosecution because the record showed "broad reliance on the facts provided by the store employees and only limited independent inquiry by the police." *Id.* at 1070–71. Plaintiff avers that the facts of *Craig* are similar to his case and that the Court should reach a similar conclusion. Record Document 25, pp. 6–7.

Plaintiff attempts to distinguish his case from a case this Court cited in its initial ruling on this matter, *Adams v. Harrah's Bossier City Inv. Co., L.L.C.*, 41,468-CW, (La.

7

App. 2 Cir. 1/10/07); 948 So. 2d 317, 320. In *Adams*, the Louisiana Second Circuit held that police officers performed an independent investigation when they viewed video footage of a suspected theft. *Id.* The court held that this independent investigation broke the chain of causation between the defendant's complaint to law enforcement and the plaintiff's arrest. *Id.* Plaintiff claims that his case is distinguishable from *Adams* because in *Adams*, two police officers viewed a video recording of the incident and arrived at a decision to arrest plaintiff independently of the defendant, whereas in his case, Detective Wooten "made two attempts to resolve the matter as a misunderstanding, but Walgreens declined." Record Document 25, p. 7. Plaintiff contends that Walgreens' statement that they still wanted to pursue charges after Detective Wooten's attempts at resolution demonstrates that Plaintiff was arrested "solely upon the word, and on the instruction of, two Walgreens' employees." *Id.*

The Court finds that Plaintiff fails to support his assertion that Walgreens' actions were the legal cause of his arrest and prosecution. The Court begins by noting that Plaintiff's assertions that Detective Wooten twice attempted to resolve this matter without arresting Plaintiff were not contained in his complaint. *See* Record Document 1. The Court did invite Plaintiff to provide the Court with reasons why his malicious prosecution claim should not be dismissed *sua sponte*, however, Plaintiff is not permitted to submit altogether new facts that were not contained within his complaint[1] and have never been asserted before. When determining whether to grant or deny a motion to dismiss

---

[1] These new facts as to Detective Wooten's actions were also not contained in an affidavit or a declaration under oath by Plaintiff but are alleged for the first time by counsel in Plaintiff's supplemental memorandum. *See* Record Document 25.

8

pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is limited to the facts contained within the complaint. *Ashcroft*, 556 U.S. at 678.

Even if the Court were to consider these newly introduced facts, Plaintiff would still be unable to establish the element of legal causation. The two "attempts at resolution" that Plaintiff refers to are 1) that Detective Wooten asked the Walgreens' store manager if Plaintiff might have believed he had purchased the beer [Record Document 25, p. 6] and 2) that Walgreens refused Plaintiff's offer to pay for the beer after Detective Wooten communicated the offer to them. Record Document 25, p. 7. The Court disagrees with Plaintiff's characterization of the first instance as an "attempt[] at resolution." *Id.* This event appears to the Court to be evidence of an independent investigation. Detective Wooten viewed the video footage, asked questions and elicited statements from Walgreens employees, interviewed Plaintiff, and came to a decision to arrest Plaintiff. Walgreens' response to an inquiry by Detective Wooten does not demonstrate that Plaintiff's arrest was based on solely on the "word" of Walgreens employees. The second instance, Walgreens' rejection of Plaintiff's offer to pay for the beer after the fact, as communicated by Detective Wooten, is not relevant to whether he conducted an independent investigation or not. The Court finds that Plaintiff has failed to prove that his prosecution was legally caused by Walgreens.

2. Probable Cause

Plaintiff argues that there was no probable cause for his arrest and prosecution. He asserts that the most important factor in determining probable cause is whether the defendant honestly and reasonably believed in the guilt of the plaintiff. Record Document

25, p. 8 (citing *Smith v. State ex rel. Dep't of Admin.*, 96-0432 (La. App. 1 Cir. 5/9/97); 594 So. 2d 1184, 1188). Plaintiff argues that no probable cause existed to commence criminal proceedings against him because there is no evidence that he intended to "permanently deprive Walgreens of the beer, especially after viewing the surveillance footage." *Id.* at 9. This footage, according to Plaintiff, depicts him placing the beer on the counter by the register in the pharmacy area, conducting his transaction, and leaving the store with the beer. *Id.* at 8–9. Plaintiff claims that no Walgreens employees attempted to stop him from leaving with the beer. *Id.* at 9. Plaintiff argues that because he put the beer on the counter in the pharmacy area in plain sight, Walgreens should have reasonably believed that there "could have been a misunderstanding on plaintiff's part as to whether payment was tendered for the beer." *Id.*

To support this argument, Plaintiff cites to *Culpepper v. Ballard*, 344 So. 2d 110, 112 (La. App. 2. Cir. 3/21/77), in which the Louisiana Second Circuit found that a landlord was liable to a tenant for malicious prosecution when the landlord alerted the police that the tenant stole his toaster when the tenant moved out of the landlord's apartment. The tenant claimed that he believed the toaster was a Christmas gift when he took it from his old apartment, whereas the landlord claimed that he provided the toaster to the tenant because the oven in the apartment stopped working. *Id.* at 111. The court held that even if the landlord reasonably believed he owned the toaster, he "should have just as reasonably believed" that the tenant believed he owned the toaster. *Id.* at 112. Plaintiff claims that Walgreens similarly should have reasonably believed that Plaintiff thought he paid for the beer. Record Document 25, p. 9.

The Court finds Plaintiff's arguments as to probable cause unpersuasive. As the court stated in *Culpepper*, "[t]he existence of probable cause in any case depends upon the particular facts of that case." *Culpepper*, 344 So. 2d. at 112. Under the facts of this case, it is possible that a Walgreens employee could have understood that Plaintiff thought he had already purchased the beer at the time he paid for his prescription because he placed the beer on the pharmacy counter. However, the Court views Plaintiff's argument that a reasonable person would not have believed that he intended to shoplift as an overstatement. Unlike the tenant in *Culpepper* who thought he already owned the toaster, Plaintiff knew he was required to purchase the beer before leaving the store with it. Plaintiff did not have a personal relationship with the Walgreens employees as the tenant did with the landlord in *Culpepper*. Most importantly, it was reasonable for Walgreens to interpret Plaintiff leaving the store with the beer as evidence that he intended to permanently deprive the store of the beer. This act was sufficient to establish an honest and reasonable belief in Plaintiff's guilt on the part of Walgreens. Therefore, the Court finds that Plaintiff has failed to establish that there was no probable cause for Walgreens to report his activities to law enforcement.

### 3. Malice

Plaintiff alleges that Walgreens acted with malice in this matter because Walgreens employees made contradictory statements to Detective Wooten during his criminal investigation and during Plaintiff's trial. Record Document 25, pp. 10–11. Plaintiff claims that Harris told Detective Wooten that the pharmacy cashier attempted to ring up the beer, but Plaintiff said he would pay for it at the front register. *Id.* at 10. Jones stated

that Plaintiff was advised to pay for the beer at the front register because the pharmacist could not process alcohol sales at that time. *Id.* Plaintiff claims that these two statements are inconsistent. However, both statements establish that he knew he was required to purchase the beer at the store's front register. Plaintiff also complains that during Harris's trial testimony, she mentioned for the first time a city ordinance that prohibited alcohol purchases from 2 a.m. to 7 a.m., during which time this incident took place. *Id.* at 11. This information was not contained in any previous statements from Walgreens employees to Detective Wooten or in his police report. *Id.* Harris admitted at trial that this information was inconsistent with her previous statement that the pharmacist attempted to ring up the beer but that Plaintiff told the pharmacist he would pay for it at the front register. *Id.* Plaintiff also contends that Walgreens employees should have told Plaintiff that he could not purchase the beer as soon as they saw him with it. *Id.* Plaintiff alleges that these inconsistencies constitute malice on the part of Walgreens. *Id.*

The Court finds that Plaintiff has not established that Walgreens acted with malice in relation to his prosecution. The element of malice is met when a charge is brought with knowledge that it is false, or a reckless disregard for truth. *Wattigny v. Lambert*, 490 So. 2d 1115, 1117 (La. App. 3 Cir. 1986) (quoting *Stark v. Eunice Superette, Inc.*, 457 So. 2d 291 (La. App. 3 Cir. 1984), *writ denied* 461 So. 2d 316 (La. 1984)). Again, Walgreens claims and Plaintiff admits that Plaintiff exited the store with beer he did not pay for. The Court finds that this action created a factual basis for the shoplifting claim at the time Walgreens called the police. Because Walgreens cannot have acted with malice when

there was factual support for its shoplifting complaint, Plaintiff fails to establish the element of malice.

## CONCLUSION

Plaintiff has failed to allege sufficient facts to support a plausible malicious prosecution claim against Walgreens. Because Plaintiff cannot establish three of the elements of a malicious prosecution claim--legal causation, lack of probable cause, and malice--his claim against Walgreens is dismissed.

Accordingly, Walgreens' first Motion to Dismiss [Record Document 11] is **GRANTED**, while Walgreens' second Motion to Dismiss [Record Document 23] is **DENIED AS MOOT**. Plaintiff's claims against Walgreens are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 26th day of February, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE